## Case No. 2,110.

### The BUFFALO.

[1 Abb. Adm. 483.][1]

District Court, S. D. New York. Feb., 1849.

PRACTICE IN ADMIRALTY — REVIVAL OF SUIT BY ADMINISTRATRIX—COSTS.

1. Three causes brought, on the same facts, by different libellants, being at issue, it was stipulated that two should abide the decision of the third. Before the third was brought to hearing, the libellant died; and his adminstratrix continued the cause. A decree was rendered in favor of the claimants; but without costs, for the reason that the action was prosecuted by an administratrix.

2. *Held*, that in the other causes, the claimants were entitled to decrees dismissing the libels, with costs.

In admiralty. Three libels in rem were filed against the steamboat Buffalo, to recover damages sustained through a collision between that boat and the schooner Mary, resulting in the total loss of the latter, with her cargo.

One of these libels was filed by Hugh Crawford, owner of the schooner, to recover for her loss. The second was filed by Eli Kellum, master of the schooner, to recover for loss of freight, clothing, provisions, cabin furniture, &c. The third was filed by William and Anson Gray, to recover the value of a cargo of coal owned by them, and lost with the schooner. The libels were filed July 23, 1847; and separate answers were put in on the 16th of August following. On the 1st of December thereafter, a stipulation was entered into between the proctors of the respective parties, by which it was agreed that the suit brought by Crawford, the owner of the schooner, should be first brought to trial; and that the decision of the other two causes should depend upon the event of that, except as to the amount of damages. Crawford died before the hearing in his cause; but the suit was continued by his administratrix, and brought to final hearing on pleadings, proofs, and arguments; and on January 2, 1849, a decree was rendered dismissing the libel without costs to either party. [Case No. 3365a.] In the opinion pronounced by the court, it was declared that the allegations of the libel, charging

fault upon the steamboat, were disproved; but the court stated that in the exercise of its discretion as to costs, they would not be charged upon the libellant, the action being then prosecuted in the name of an administratrix. The claimants now moved for an order that they have leave to enter a decree for costs against the libellants in the other two causes. This was opposed, on the ground that under the stipulation of December 1, 1847, the same decree must be entered in each of the other writs as was entered in that of Crawford.

Albert Matthews, for the motion.
Edwin Burr, opposed.

BETTS, District Judge. As a general rule, costs in admiralty follow the event of the cause. The rule is only deviated from under equitable considerations presenting a reasonable ground for exempting the unsuccessful party from its operation. In the case before the court, the circumstance that the libellant acted in a representative capacity, and was not pursuing a personal interest, was regarded as raising an equity in her favor to be relieved from costs. In many instances the privilege of exemption from costs is secured to executors and administrators, and in chancery it is the usual course to discharge them of costs, when they act bona fide and upon fair color of right; although the court, in the exercise of its general jurisdiction, may impose costs on the estate represented.

Admiralty courts do not look beyond the actors in the cause; and as they cannot decree costs to be paid out of the estate in behalf of which an administrator sues, it may be at least questionable whether they can shape their process so as to reach the assets of such estate by a decree against the representative. These considerations might induce the court to withhold an award of costs against an administrator, when on the merits of the case the opposite party would be entitled to them. So in respect to these very parties; the merits of their respective cases may rest upon a common right, yet there be great diversity as to their title to costs. The conduct of the owner in discarding fair offers for settlement, or otherwise, might deprive him of his equity to costs in the case, when the decree was in his favor on the merits in litigation. I think, therefore, that the stipulation is not to be construed as relating to the costs of suit; but that "the decision of the cause," by which the parties are bound to abide, is the determination of the contested questions involved in the issue. I therefore hold, that in the two causes now brought before the court, the claimants are entitled to have decrees entered, dismissing the libels, with costs to be taxed. Order accordingly.

---

[1] [Reported by Abbott Brothers.]